1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   KURT EHLERT and MELISSA EHLERT-              CASE NO. 11CV1359 JLS (BLM)
     TRAUB,
12                                                 **ORDER GRANTING**
                                     Plaintiffs,   **DEFENDANT'S MOTION TO**
13              vs.                                **DISMISS**

14   AMERICA'S SERVICING COMPANY, and             (ECF No. 4)
     DOES 1–100,
15
16                                  Defendants.
17

18        Presently before the Court is Defendant Wells Fargo Bank's ("Defendant" or "Wells

19   Fargo")[1] motion to dismiss Plaintiffs' first amended complaint ("FAC") for failure to state a claim.

20   (ECF No. 4)  Also before the Court is Plaintiffs Kurt Ehlert and Melissa Ehlert-Traub's

21   ("Plaintiffs") response in opposition, (Resp. in Opp'n, ECF No. 12), and Defendant's reply in

22   support, (Reply in Supp., ECF No. 14).  For the reasons stated below, Defendant's motion is

23   **GRANTED**.

24   //

25

26        _____
         [1] Defendant Wells Fargo Bank was erroneously sued as American's Servicing Company.
27   (Mot. to Dismiss 1 & n.1, ECF No. 4); (*see also* Resp. in Opp'n 1, ECF No. 12)  As explained in
     Defendant's motion to dismiss, "Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.
28   which makes and services mortgage loans.  America's Servicing Company is a business name used
     by Wells Fargo Home Mortgage for various loan servicing activities." (Mot. to Dismiss 1 n.1, ECF
     No. 4)

# BACKGROUND

## 1. Factual Background

Plaintiffs are owners of a condominium located in Coronado, California ("the Property"). (FAC ¶ 7, ECF No. 1-1)  Plaintiffs obtained a loan from Defendant, secured by a deed of trust on the Property.  (Mot to Dismiss 1, ECF No. 4)  In 2009, Plaintiffs "began to experience financial difficulties and were unable to pay their monthly mortgage payment."  (FAC ¶ 9, ECF No. 1-1) As a result, Plaintiffs contacted Defendant to request a loan modification.  (*Id.* ¶ 10)  Plaintiff and Defendant entered into a forbearance agreement whereby Defendant would forbear from foreclosing on the Property if Plaintiffs made timely payments.  (*Id.* ¶¶ 10–11)  At this time, Defendant allegedly "represented to Plaintiffs that Plaintiffs would qualify for a loan modification if they were timely in making three trial payments."  (*Id.* ¶ 11)

Pursuant to the forbearance agreement, Plaintiffs made six timely payments.  (*Id.*)  "These monthly trial payments were considerably less than the monthly payments Plaintiffs were previously paying under the loan."  (*Id.*)  Nevertheless, Defendant "failed to respond to Plaintiffs' numerous communications regarding the status of their loan modification request," and "denied the Plaintiffs' loan modification."  (*Id.* ¶ 12)

A notice of trustee sale of the Property was recorded on February 11, 2011.  (*Id.* ¶ 13)  The trustee's sale was later postponed, (Mot. to Dismiss 2, ECF No. 4), but the Property was eventually foreclosed on, subsequent to the filing of the FAC, (Resp. in Opp'n 8, ECF No. 12).

## 2. Procedural Background

Plaintiffs filed their original complaint in California Superior Court for the County of San Diego on April 5, 2011.  (Notice of Removal 2, ECF No. 1)  Plaintiffs filed the instant FAC on April 7, 2011, alleging claims for breach of contract, promissory estoppel, intentional misrepresentation, negligent misrepresentation, false promise, and injunction.  (FAC, ECF No. 1-1)  Defendant removed the case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  (*Id.*)  On June 23, 2011, Defendant filed a motion to dismiss Plaintiffs' FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

//

11cv1359

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading."

1  *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

2       Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court

3  determines that the allegation of other facts consistent with the challenged pleading could not

4  possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.

5  1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.

6  1986)).  In other words, where leave to amend would be futile, the Court may deny leave to

7  amend.  *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

8                                    **ANALYSIS**

9       As an initial matter, Defendant requests that the Court take judicial notice of a written

10  Special Forbearance Agreement.  (Req. Judicial Notice, ECF No. 4-2); (Ex. D, ECF No. 4-6)  In

11  ruling on a motion to dismiss, a court may consider a document not physically attached to the

12  plaintiff's pleading if its contents are alleged in the complaint and its authenticity is not disputed.

13  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).  Here, although

14  Plaintiffs allege that Defendant "approved a special loan forbearance" whose terms nearly mirror

15  those of the Special Forbearance Agreement Defendant requests be judicially noticed,[2] the Court

16  finds that the written agreement may not be considered on Defendant's motion to dismiss.  Even if

17  it can be argued that Plaintiffs allege the contents of the Special Forbearance Agreement in their

18  complaint, Plaintiffs apparently dispute the authenticity of the written agreement.  (Resp. in Opp'n

19  3, ECF No. 12 (stating that the "contract . . . may or may not have been signed by all parties

20  thereto," and "the document lacks foundation and has not been authenticated in any way")).  This

21  evidence is more properly received on a motion for summary judgment.  Thus, the Court **DENIES**

22  Defendant's request for judicial notice and will not consider the written Special Forbearance

23  Agreement on this motion to dismiss.

24  //

25  //

26  //

27  _____

28       [2] For example, as Plaintiffs allege with regard to the agreement outlined in the FAC, (FAC
¶¶ 10–11, ECF No. 1-1), the Special Forbearance Agreement provides for a schedule of three reduced
payments, (Ex. D, ECF No. 4-6).

**1. Breach of Contract**

Plaintiffs first claim is for breach of the alleged verbal agreement between Plaintiff and Defendant.  (FAC ¶¶ 14–17, ECF No. 1-1)  "A claim for breach of contract under California law consists of the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach."  *Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 316 F. App'x 661, 662 (9th Cir. 2009) (citing *First Commercial Mortg. Co. v. Reece*, 108 Cal. Rptr. 2d 23, 33 (Cal. Ct. App. 2001)).

Plaintiffs allege that there was an oral agreement: if Plaintiffs "were timely in making three trial payments," Defendant "would qualify [them] for a loan modification."  (FAC ¶ 11, ECF No. 1-1)  Defendant allegedly breached this agreement by declining to modify Plaintiffs loan despite Plaintiffs having "performed all conditions, covenants, and promises required to be performed on their part in accordance with the terms and conditions of the verbal agreement."  (*Id.* ¶ 15)

Defendant argues that Plaintiffs claim is barred by the statute of frauds because oral contracts relating to real property are not enforceable.  (Mot. to Dismiss 5, ECF No. 4)  The statute of frauds states that an "agreement . . . for the sale of real property, or of an interest therein," is "invalid[] unless [it], or some note or memorandum thereof, [is] in writing and subscribed by the party to be charged or by the party's agent."  Cal. Civ. Code § 1624(a)(3).  "A mortgage or deed of trust . . . comes within the statute of frauds."  *Secrest v. Sec. Nat. Mortg. Loan Trust 2002-2*, 84 Cal. Rptr. 3d 275, 282 (Cal. Ct. App. 2008); *see also* Cal. Civ. Code § 2922 ("A mortgage can be created, renewed, or extended, only by writing, executed with the formalities required in the case of a grant of real property.").  A forbearance agreement—although not creating, renewing, or extending a mortgage—is nevertheless subject to the statute of frauds because it modifies the mortgage agreement.  *See Secrest*, 84 Cal. Rptr. 3d at 282 ("An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds.") (citing Cal. Civ. Code § 1698).

Here, the alleged verbal agreement was that "Plaintiffs would qualify for a loan modification if they were timely in making three trial payments."  (FAC ¶ 11, ECF No. 1-1)  This was not an agreement to modify the mortgage, but rather an agreement that Defendant would

qualify Plaintiffs for a loan modification if Plaintiffs were timely in making three trial payments. Although the eventual loan modification agreement would be subject to the statute of frauds, the Court finds that the alleged verbal agreement to enter into a loan modification agreement is not subject to the statute of frauds.

This does not end the inquiry, however.  Defendant also argues that Plaintiffs have not sufficiently alleged the existence of a contract because, at most, Plaintiffs alleged merely an agreement to agree.  (Mot. to Dismiss 5, ECF No. 4)  "There is no dispute that neither law nor equity provides a remedy for breach of an agreement to agree in the future.  Such a contract cannot be made the basis of a cause of action." *Autry v. Republic Prods., Inc.*, 180 P.2d 888, 893 (Cal. 1947); *see also First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust*, 631 F.3d 1058, 1065 (9th Cir. 2011) ("[A]n 'agreement to agree,' without more, is not a binding contract.") (quoting *Autry*, 180 P.2d at 893).  Moreover, "[w]here any of the terms [of an agreement] are left for future determination . . . there is no binding contract until this is done." *Smissaert v. Chiodo*, 330 P.2d 827, 830–31 (Cal. Ct. App. 1958).  "Preliminary negotiations or an agreement for future negotiations are not the functional equivalent of a valid, subsisting agreement." *Kruse v. Bank of Am.*, 248 Cal. Rptr. 217, 229 (Cal. Ct. App. 1988).

Here, the subject matter of the alleged oral agreement was the loan modification, which was "at best left open to future negotiations and agreement." *Id.*  Plaintiffs have not alleged that the parties had discussed or reached an agreement as to the terms of a loan modification; not some, but all of the terms of the loan modification were "left for future determination."[3] *Smissaert*, 330 P.2d at 830.  At best, Plaintiffs have alleged an expectation that Plaintiffs and Defendant would later form a loan modification agreement.  But this expectation did not rise to the level of an enforceable contract. *See Kruse*, 248 Cal. Rptr. at 229 ("The [party's] hopeful expectation that a

---

[3]  Plaintiffs state in their opposition that "Plaintiffs were led to believe, and reasonably believed, that the new mortgage payments would be equal to the 'trial payments' that they were making." (Resp. in Opp'n 7, ECF No. 12)  This factual allegation—and several other new allegations—was raised for the first time in Plaintiffs' opposition brief and cannot cure the deficiencies of the FAC. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Nevertheless, the Court can and will consider allegations raised for the first time in Plaintiffs' opposition brief in considering whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (citing *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137–38 (9th Cir. 2001)).

1  loan agreement would eventually be reached was simply that: an expectation."). Because of this,

2  Plaintiffs have failed to allege the existence of a contract—an essential element of a claim for

3  breach of contract. Thus, Plaintiffs first claim for breach of contract is **DISMISSED**.

4  **2. Promissory Estoppel**

5         Plaintiffs' promissory estoppel claim arises from the same facts that underlie the breach of

6  contract claim. (*See* FAC ¶¶ 18–23, ECF No. 1-1) Promissory estoppel will bind a promisor

7  "'when he should reasonably expect a substantial change of position, either by act or forbearance,

8  in reliance on his promise, if injustice can be avoided only by its enforcement.'" *Raedeka v.*

9  *Gibraltar Sav. & Loan Ass'n*, 517 P.2d 1157, 1161 n.1 (Cal. 1974) (quoting *Youngman v. Nev.*

10  *Irrigation Dist.*, 449 P.2d 462, 468 (Cal. 1969)). "Cases have characterized promissory estoppel

11  claims as being basically the same as contract actions, but only missing the consideration

12  element." *U.S. Ecology, Inc. v. State*, 28 Cal. Rptr. 3d 894, 906 (Cal. Ct. App. 2005). Courts have

13  broken this doctrine down into four elements: "(1) a promise that is clear and unambiguous in its

14  terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable

15  and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance."

16  *Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc.*, 688 F. Supp. 2d 940, 953

17  (N.D. Cal. 2010) (citing *U.S. Ecology*, 28 Cal. Rptr. 3d at 904–07); *see also Rennick v.*

18  *O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 316 (9th Cir. 1996) ("In order to constitute part performance

19  the acts (1) must be 'unequivocally referable' to the terms of the oral contract; (2) must

20  irretrievably change plaintiff's position, and (3) must be performed in reasonable reliance on the

21  contract." (citing *Am. Cas. Co. v. Curran Prods., Inc.*, 28 Cal. Rptr. 131, 135 (Cal. Ct. App. 1963);

22  *Monarco v. Lo Greco*, 220 P.2d 737 (Cal. 1950))).

23         The Court finds that Plaintiffs have failed to state a claim for promissory estoppel because

24  they have failed to allege an essential element of the claim—"a promise that is clear and

25  unambiguous in its terms." *Boon Rawd Trading Int'l*, 688 F. Supp. 2d at 953. As explained

26  above, at most Plaintiffs and Defendant entered into an agreement to agree. The alleged oral

27  agreement contains none of the terms of the future loan modification. Accordingly, Plaintiffs have

28  failed to allege a clear and unambiguous promise and the first element of a claim for promissory

estoppel is therefore missing.[4]  *See, e.g.*, *Laks v. Coast Fed. Sav. & Loan Ass'n*, 131 Cal. Rptr.
836, 839–40 (Cal. Ct. App. 1976) (finding that "the first requisite for a complaint for promissory
estoppel is missing" where plaintiffs sued on the basis of a failure to make two loans but none of
the essential terms of the loan were agreed upon).  Thus, Plaintiffs second claim for promissory
estoppel is **DISMISSED**.

**3.  Fraud Claims**

Plaintiffs' third, fourth, and fifth causes of action—for intentional misrepresentation,
negligent misrepresentation, and false promise, respectively—are all subject to the heightened
pleading requirements of Federal Rule of Civil Procedure 9(b).  *See Neilson v. Union Bank, N.A.*,
290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).  Under this rule, Plaintiffs must "state with
particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  The allegations of fraud
must "be 'specific' enough to give defendants notice of the particular misconduct . . . so that they
can defend against the charge and not just deny that they have done anything wrong."  *Vess v.
Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*,
236 F.3d 1014, 1019 (9th Cir. 2001)).  Namely, these allegations "must be accompanied by 'the
who, what, when, where, and how' of the misconduct charged."  *Id.* (quoting *Cooper v. Pickett*,
137 F.3d 616, 627 (9th Cir. 1997)).  "'[A] plaintiff must set forth more than the neutral facts
necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about
a statement, and why it is false.'"  *Id.*  (quoting *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th
Cir. 1994)).

Plaintiffs fail to allege the "who, what, where, when, and how" with sufficient particularity
as required by Rule 9(b).  *See Vess*, 317 F.3d at 1106.  Plaintiffs offer conclusory allegations that
Defendant Wells Fargo represented that Plaintiffs would receive a loan modification, without a
statement of who at Wells Fargo made such a representation, whether the representation was made

---

[4] Having found that Plaintiffs failed to allege sufficient facts that Defendant made an unambiguous promise, the Court will not consider the other elements of a promissory estoppel claim, and makes no final judgment as to their presence or absence in the FAC.  The Court questions, however, whether Plaintiffs can sufficiently allege detrimental reliance given that Plaintiff "was already legally obligated to make [payments] to Wells Fargo."  *Beck v. Wells Fargo Home Mortg., N.A.*, 2010 U.S. Dist. LEXIS 131006, *4 (S.D. Cal., Dec. 10, 2010).

1  in person or over the phone, what particular statement or statements were false or misleading, and

2  so on.  Though Defendant may have better "access to the information," (Resp. in Opp'n 10, ECF

3  No. 12), it is not true that Plaintiffs have such little information that they could not allege more

4  than the bare assertions provided in the FAC.

5        Plaintiffs third through fifth claims in the FAC are **DISMISSED** because they have failed

6  to plead their fraud claims with sufficient particularity.  In addition, each of these claims is subject

7  to dismissal for failure to satisfy Rule 8(a).

8  ***A.  Intentional Misrepresentation***

9        Plaintiffs' third claim alleges intentional misrepresentation, deceit, or concealment of a

10  material fact by Defendant.  Even assuming Plaintiffs alleged misrepresentation with sufficient

11  particularity, the Court finds that they have failed to sufficiently allege the essential elements of an

12  intentional misrepresentation claim.  Intentional misrepresentation under California law requires

13  "'(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of

14  falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and

15  (5) resulting damage.'"  *Alliance Mortgage Co. v. Rothwell*, 900 P.2d 601, 608 n.4 (Cal. 1995)

16  (quoting *Molko v. Holy Spirit Ass'n*, 762 P.2d 46, 53 (Cal. 1988)).

17        The FAC alleges that "[w]hen Defendant made these representations, they knew them to be

18  false and made these representations with the intention to deceive and defraud the Plaintiffs and to

19  induce the Plaintiffs to act in reliance of these representations."  (FAC ¶ 27, ECF No. 1-1)

20  Plaintiffs provide no factual allegations to support their conclusory statements that Defendant

21  "knew" their representations were false or that Defendant had an "intention to deceive and

22  defraud" Plaintiffs.  However, the Court need not accept as true legal conclusions contained in the

23  complaint.  *Iqbal*, 129 S. Ct. at 1949.  Thus, Plaintiffs have failed to plead all of the essential

24  elements of a claim for intentional misrepresentation, and Plaintiffs third claim for intentional

25  misrepresentation is **DISMISSED**.

26  //

27  //

28  //

### B.  Negligent Misrepresentation

Plaintiffs' fourth claim alleges negligent misrepresentation of facts by Defendant.  Under California law, plaintiffs asserting negligent misrepresentation claims must establish "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs.*, 89 Cal. Rptr. 3d 473, 483 (Cal. Ct. App. 2009) (internal quotation marks omitted) (citations omitted).  Plaintiffs' claim here fails for want of a necessary element—that Defendant misrepresented a past or existing material fact.

Plaintiffs allege that Defendants informed Plaintiffs that they "would receive a loan modification after payment of the trial payments."  (FAC ¶ 32, ECF No. 1-1)  This statement is prospective, however.  It is a promise of future conduct rather than a representation of past or existing facts.  *See Stevens v. JPMorgan Chase Bank, N.A.*, 2010 WL 329963, at *7 (N.D. Cal. Jan. 20, 2010) (citing *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. Rptr. 2d 861, 863 (Cal. Ct. App. 1991).  Based on this allegation, Plaintiffs cannot set forth a claim for negligent misrepresentation.  This claim is therefore **DISMISSED**.

### C.  False Promise

Plaintiffs' fifth claim alleges false promise.  To allege a claim for false promise, a plaintiff must plead the essential elements:

> (1) A promise made regarding a material fact; (2) the absence of intent on the part of the defendant at the time the promise was made to perform it; (3) intent on the part of the defendant to induce action by plaintiff; (4) justifiable reliance on the promise by plaintiff; (5) nonperformance of the promise by the defendant, and (6) injury and damage proximately resulting to the plaintiff.

*Bondi v. Jewels by Edwar, Ltd.*, 73 Cal. Rptr. 494, 497 (Cal. Ct. App. 1968) (citation omitted).  As above, Plaintiffs have failed to allege Defendant's absence of intent to perform on the alleged promise.  Thus, Plaintiffs fifth claim for false promise is **DISMISSED**.

//

//

//

- 10 -

11cv1359

**4. Injunction**

Finally, Plaintiffs sixth claim is for "injunction."  Plaintiffs' request for an injunction asks that Defendant be "enjoined and restrained" from the "threatened auction of the subject real property."  (FAC ¶ 47, ECF No. 1-1)  The Property has since been foreclosed on, however, subsequent to the filing of the FAC.  (*See* Resp. in Opp'n 8, ECF No. 12)  As such, the Court finds that injunctive relief would inappropriate.

Moreover, "[i]njunctive relief, like damages, is a *remedy requested by the parties, not a separate cause of action.*"  *Cox Commc'ns PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002).  Accordingly, because none of Plaintiffs claims is sufficiently pleaded, the sixth claim for injunctive relief is **DISMISSED**.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes, Plaintiff may file an amended complaint within fourteen days after this order is electronically docketed.

**IT IS SO ORDERED.**

DATED:  October 12, 2011

Janis L. Sammartino
Honorable Janis L. Sammartino
United States District Judge