# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kurt Ehlert and Melissa Ehlert-Traub,<br><br>                                Plaintiffs,<br>  vs.<br><br>America's Servicing Company, et al.,<br><br>                                Defendants. | CASE NO. 11cv1359-CAB (BLM)<br><br>Order on Defendants' Motion to Dismiss<br>[Doc. No. 31] |

Presently before the Court is a motion to dismiss the Third Amended Complaint ("TAC") filed by Defendant Wells Fargo Bank, N.A. and U.S. Bank, N.A., as Successor Trustee to Bank of America, N.A. (Successor by merger to LaSalle Bank, N.A.) as Trustee for the Morgan Stanley Mortgage Loan Trust 2007-7AX.  For the reasons stated herein, Defendants' motion to dismiss [Doc. No. 31] is **GRANTED IN PART AND DENIED IN PART**.

**FACTUAL SUMMARY**

The facts set forth herein are taken from the TAC and are accepted as true for purposes of this procedural juncture only.

In January 2009, Plaintiffs Kurt Ehlert and Melissa Ehlert-Traub began to experience financial difficulties and were unable to pay their monthly mortgage payment for their property loan.  [¶13.][1]

---

[1] All '¶' and '¶¶' references are to the TAC, Doc. No. 27.

1   In or around that same early 2009 time period, Plaintiffs contacted Wells Fargo.[2] At that time, Wells
2   Fargo approved Plaintiffs for a special loan forbearance agreement during the pendency of
3   "Defendants' review of Plaintiff's loan and request for modification." [¶¶13, 41.] Wells Fargo
4   collected forbearance payments from the beginning of 2009 until June 2010. [¶41.]

5   Then, in June 2010, Wells Fargo put Plaintiffs on a "trial plan" wherein Plaintiffs were
6   required to make monthly trial payments to Defendants that "were considerably less than the monthly
7   payments Plaintiffs were previously paying under the loan." [¶¶13, 30, 41.] At that time, Wells Fargo
8   told Plaintiffs that they had qualified for a loan modification wherein their monthly payments for the
9   life of the loan would be identical to the trial plan payments. Wells Fargo stated that the approved loan
10  modification would be reduced to writing upon Plaintiffs' successful completion of their trial plan
11  period. Plaintiffs' obligations under the trial plan included timely monthly payments and the timely
12  and faithful provision of information requested by Wells Fargo. [¶¶19-20, 25.] Plaintiffs' payments
13  "were not regular mortgage payments nor were the payments applied to the balance owed on Plaintiffs'
14  mortgage." [*See* ¶31.]

15  From July 2010 through December 2010, Plaintiffs made six, on-time, monthly trial plan
16  payments as instructed and both timely and faithfully responded to all requests for information.
17  Without explanation, Wells Fargo returned Plaintiffs' seventh payment. Plaintiffs inquired as to the
18  reason for this return, but Wells Fargo refused to communicate with Plaintiffs. Plaintiffs still do not
19  know the "exact grounds for which the denial was based." [¶20.] Plaintiffs allege that they performed
20  all conditions, covenants and promises required to performed by them in accordance with the terms
21  of their permanent loan modification agreement with Defendants.

22  On February 11, 2011, a Notice of Trustee's Sale of the Property was filed. On or about March
23  22, 2012, Plaintiff initiated this litigation.

24

25  **LEGAL STANDARD**

26  Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that

27  ───────────────

28      [2]  Plaintiff pleads that Defendant Wells Fargo Bank, N.A. was "acting as 'servicer' on the Loan." [¶3.]

the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the collective facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.*

In ruling on a motion to dismiss, a court may take judicial notice of matters of public record that are not subject to reasonable dispute.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

**LEGAL ANALYSIS**

    **1.**    **Breach of a Contract**

Plaintiff's first cause of action is for breach of the alleged verbal agreement between Plaintiff and Defendants.  "A claim for breach of contract under California law consists of the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach." *Alcalde v. NAC Real Estate Invs. and Assignments, Inc.*, 316 F. App'x 661, 662 (9th Cir. 2009) (citing *First Comm. Mort. Co. v. Reece*, 89 Cal. App. 4th 731 (2001)).

Plaintiffs allege that there was an oral agreement: Defendants promised to offer Plaintiffs a permanent loan modification at a specified monthly payment amount for the life of the loan if two conditions were satisfied: (1) Plaintiffs complied with the terms of the trial plan by making timely trial period payments and disclosures; and (2) Plaintiffs' representations remained true and accurate. In other words, Defendants made a unilateral offer to modify Plaintiffs' loan, if certain conditions precedent were met. Plaintiffs plead they expended considerable time and effort in fulfilling the conditions precedent, and Defendants accepted documents and trial payments from Plaintiffs for purposes other than reducing the balance owed on Plaintiffs' mortgage.

As pled, the Court finds that the specific facts of this case fall within the line of cases rejecting defendants' statute of frauds, lack of consideration and 'agreement to agree" arguments, and instead holding that a valid offer exists to support a breach of contract claim for motion to dismiss purposes. *See, e.g.*, *Ansanelli v. JP Morgan Chase Bank, N.A.*, No. 10cv03892, 2011 WL 1134451, *3-*4 (N.D. Cal. Mar. 28, 2011); *Wigod v. Wells Fargo Bank*, 673 F.3d 547 (7th Cir. 2012). *See also Vissuet v. Indymac Mortg. Services*, No. 09cv2321-IEG (CAB), 2010 WL 1031013, *4 (S.D. Cal. Mar. 9, 2010) ("adequate consideration can be found in the form of Plaintiff's completion and submission of the loan modification application").[3] The TAC sufficiently pleads that Defendants breached their contract with Plaintiffs by failing to offer Plaintiffs a permanent modification despite Plaintiffs' satisfaction of their obligations. Thus, Defendants' motion to dismiss the first cause of action for breach of contract is **DENIED**.[4]

**2.      Unjust Enrichment (Restitution)**

Plaintiffs' second cause of action is labeled as one for "Unjust Enrichment." "[U]njust enrichment is not a proper cause of action under California law." *In re Toyota Motor Corp. Unintended Acceleration Mktg, Sales Practices, and Products Liab. Litig.*, 754 F. Supp. 2d 1145, 1194 (C.D. Cal. 2010). However, courts construe such claims as ones for restitution for which a plaintiff

---

[3] Indeed, Plaintiffs' new allegations cure the Court's prior concerns that the contract was a mere agreement to agree, with terms left open for future determination. The TAC sufficiently pleads that upon Plaintiffs' completion of the conditions precedent, Defendants were bound to offer in writing the permanent loan modification agreement for which Plaintiffs were told they had already qualified.

[4] Though raised by Defendants, the Court declines to analyze the Parole Evidence Rule as Plaintiffs do not allege that they entered into a written trial plan agreement.

"must plead 'receipt of a benefit and the unjust retention of the benefit at the expense of another.'" *Reyes v. Wells Fargo Bank, N.A.*, No. 10cv1667, 2011 WL 30759, *18 (N.D. Cal. Jan. 3, 2011) (citations omitted).

Though the Court has its doubts, Plaintiffs plead that their trial plan payments were something different than the funds owed under their mortgage, and that Defendants failed to credit the payments to the balance owed on Plaintiffs' mortgage. Accordingly, as pled, it is plausible that Defendants unjustly retained the trial plan payments. Thus, Defendants' motion to dismiss Plaintiff's second cause of action for restitution is **DENIED**.

### 3. Promissory Estoppel

Plaintiffs' third cause of action is for promissory estoppel. Promissory estoppel will bind a promisor "'when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement.'" *Raedeka v. Gibraltar Sav. & Loan Ass'n*, 10 Cal.3d 665, 672 n.1 (1974) (quoting *Youngman v. Nevada Irrigation Dist.*, 70 Cal. 2d 240, 249 (1969)). "Cases have characterized promissory estoppel claims as being basically the same as contract actions, but only missing the consideration element." *U.S. Ecology, Inc. v. State*, 129 Cal.App.4th 887, 903 (2005).

Defendants argue that Plaintiffs' promissory estoppel cause of action cannot stand because there is no clear promise alleged. The Court disagrees. As explained herein, the TAC's new allegations sufficiently allege a clear and unambiguous promise by Defendants to offer a permanent loan modification at a specified monthly payment amount for the life of the loan upon Plaintiffs' completion of certain conditions precedent. And Defendants should have known that Plaintiffs would and did reasonably rely on that promise to their detriment – especially given Defendants' receipt and acceptance of the trial plan payments.

Further, the Court is not persuaded by Defendants' argument that there is no detrimental reliance pled. This argument ignores the allegations that the trial plan payments were something different than the funds owed under their mortgage, and that Defendants did not credit the payments to the balance owed on Plaintiffs' mortgage. Taking these facts to be true for motion to dismiss purposes, the payments can constitute detrimental reliance. Accordingly, Defendants' motion to

dismiss the third cause of action for promissory estoppel is **DENIED**.

**4.    Fraud in the Inducement**

Plaintiffs' fourth cause of action is for fraud in the inducement, which must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). The elements for fraud in the inducement are as follows: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 974 (1997) (citations omitted). Here, although Plaintiffs added new facts to state the who, what, and when of the representations at issue, the TAC still fails to plead the first three elements of fraud in the inducement with sufficient particularity under Rule 9(b).[5]

For example, Plaintiffs allege that Defendants knew from the outset that Plaintiffs' loan would not be modified, yet offered a loan modification to obtain money from Plaintiffs. However, there are no facts pled showing that Defendants' offer was false ***when made*** and that they knew it. The TAC concludes that Defendants Wells Fargo and U.S. Bank have a "pattern and practice" of making such false offers, but there are no facts pled to support that conclusion. In addition, the TAC alleges that Defendants breached their contract with Plaintiffs to offer a permanent loan modification. But, without more, the falsity of Defendants' statements and Defendants' state of mind cannot be inferred through their subsequent nonperformance of their contract with Plaintiffs. *Cf. DCI Solutions, Inc. v. Urban Outfitters, Inc.*, No. 10cv369-IEG (JMA), 2010 WL 1838303, *6 (S.D. Cal. May 6, 2010) ("Fraudulent intent cannot be proven by simply pointing to the defendant's subsequent nonperformance."). Thus, Plaintiffs fail to sufficiently plead fraud in the inducement.

Accordingly, Defendants' motion to dismiss Plaintiffs' fourth cause of action for fraud in the inducement is **GRANTED**.

**5.    Unlawful, Unfair and Fraudulent Business Practices Act (Cal. Bus. & Prof. Code §17200)**

Plaintiffs' fifth cause of action is brought under the Unlawful, Unfair and Fraudulent Business Practices Act (Cal. Bus. & Prof. Code §17200). Defendants' only argument for dismissing this cause

---

[5] The Court expresses no opinion on the remaining elements.

of action is that it should be dismissed because it is based entirely on failed claims.  Since all claims but for Plaintiffs' fraud claim survive dismissal, the Court declines to dismiss this cause of action on the ground raised by Defendants.  Thus, Defendants' motion to dismiss Plaintiffs' fifth cause of action under the Unlawful, Unfair and Fraudulent Business Practices Act is **DENIED**.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss [Doc. No. 31] is **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs' fourth cause of action for fraud in the inducement is **DISMISSED**.  Plaintiffs' remaining causes of action, 1-3 and 5, survive Defendants' motion.  Defendants shall file their Answer to the TAC no later than **November 26, 2012**.

**IT IS SO ORDERED.**

DATED:  November 5, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge